Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o
STANLEY ORCHARD SALES, INC.,

      Plaintiff,

  - against -

M/V MSC DAVOS and M/V MSC PRAGUE, their
engines, boilers, tackle, furniture, apparel, etc. *in rem*;
and MEDITERRANEAN SHIPPING COMPANY
S.A. *in personam*,

      Defendants.
-------------------------------------------------------------X

08 Civ.

**COMPLAINT**

JUDGE BUCHWALD

08 CV 2491

    Plaintiff, MUND & FESTER GMBH & CO. KG a/s/o STANLEY ORCHARD SALES, INC. (hereinafter "M&F" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against the M/V MSC DAVOS and the M/V MSC PRAGUE, their engines, boilers, tackle, furniture, apparel, etc., *in rem* and Mediterranean Shipping Company, *in personam*, alleges upon information and belief as follows:

**PARTIES**

    1.    At all material times, M&F was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of a consignment of 1,280 cartons of fresh pears laden on board the M/V MSC DAVOS and the M/V MSC PRAGUE, as more specifically described below.

2. At all material times, Defendant, MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC") was and is a foreign corporation with a place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times was and is doing business in this jurisdiction and was and is a common carrier of goods by water and was the common carrier for the shipment more fully described below.

3. At all material times, Stanley Orchards Sales, Inc. (hereinafter "Stanley Orchards") was and is a corporation organized and existing by virtue of the laws of the State of New York with an office and place of business located at 2044 Route 32, Suite 6, Modena, New York, 12548 and was the owner of a consignment of pears laden on board the M/V MSC DAVOS and the M/V MSC PRAGUE, as more fully described below.

4. At all material times, the M/V MSC DAVOS was an ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

5. At all material times, the M/V MSC PRAGUE was an ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

6. At all material times, MSC was and still is engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V MSC DAVOS and the M/V MSC PRAGUE, as common carriers of merchandise by water for hire.

## JURISDICTION

7. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## FACTS

8. On or about June 6, 2007, a consignment, consisting of 1,820 cases of fresh pears, laden in container numbered CRXU6943946, then being in good order and condition, were delivered to the M/V MSC DAVOS and the *in personam* defendants and/or their agents in San Antonio, Chile, for transportation to Philadelphia, Pennsylvania in consideration of an agreed upon freight, pursuant to certain bills of ladings, including bill of lading numbered MSCULI315635.

9. Thereafter, the consignments having been loaded aboard the M/V MSC DAVOS, the vessel sailed from the port of San Antonio, Chile to the port of Freeport, Grand Bahamas for transshipment to the M/V MSC PRAGUE.

10. The M/V MSC PRAGUE left the port of Freeport, Grand Bahamas on or about June 19, 2007 and arrived at the port of Philadelphia, Pennsylvania on or about June 28, 2007.

11. Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had sustained damages during transit.

12. Upon inspection, it was determined that the damages sustained to the pears during transit were the result of exposure to elevated temperatures during transit while the consignments were in the care and custody of MSC and/or their agents.

13. As a result of the damages sustained to the shipments, Stanley Orchards sustained a loss in the amount of $16,293.20.

14. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

15. At all times relevant hereto, a contract of insurance for property damage was in effect between Stanley Orchards and Mund & Fester GMBH, which provided coverage for, among other things, loss or damage to the consignment.

16. Pursuant to the aforementioned contract of insurance between Stanley Orchards and Mund & Fester GMBH, monies have been and will be expended on behalf of Stanley Orchards in the amount of $16,293.20 to the detriment of Mund & Fester GMBH due to the damages sustained during transit.

17. As Mund & Fester GMBH has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Mund & Fester GMBH has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

18. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

19. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

20. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $16,293.20.

21. Plaintiff has a maritime lien against the M/V MSC DAVOS and M/V MSC PRAGUE for the damages referred to herein and will enforce that lien in these proceedings.

22. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this Complaint, as further facts become available.

**WHEREFORE,** Plaintiff prays:

1. In rem service of process be issued against the M/V MSC DAVOS and M/V MSC PRAGUE, their engines, boilers, tackle, furniture, apparel, etc.; that the vessels be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $16,293.20 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V MSC DAVOS and M/V MSC PRAGUE, their engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

4. The Court order, adjudge and decree that defendants Mediterranean Shipping Company, the M/V MSC DAVOS and the M/V MSC PRAGUE be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 12, 2008
260-86

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225